[Civ. No. 1355.    First Appellate District.—May 16, 1914.]

# RADKE & COMPANY, Appellant, v. W. J. HESTHAL, Respondent.

CONDITIONAL SALE—PLEDGE OF GOODS BY BUYER—RIGHT OF SELLER TO RECOVER FROM INNOCENT PLEDGEE.—Where the owner of a diamond ring sells it upon the statement of the buyer that he desires to give the ring to his wife, and upon an oral agreement that the buyer is to pay up his old account with the seller and also pay a certain sum each month on account of the purchase price of the ring, and in case of his failure to make such payments to return the ring to the seller, and thereafter the buyer pledges the ring, the seller cannot recover the property from the pledgee who has received the same in good faith in the ordinary course of business and for value.

ID.—DELAY OF SELLER IN ASSERTING RIGHTS AGAINST BUYER'S PLEDGEE—ESTOPPEL.—If in such case the seller is informed by the buyer of the pledge of the ring a few days after the sale, but takes no action for its recovery from the pledgee for several months thereafter, he is also barred from making recovery under the rule of section 3543 of the Civil Code, that "when one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

H. C. Schaertzer, and D. Hadsell, for Appellant.

R. F. Mogan, and Leon Samuels, for Respondent.

RICHARDS, J.—This is an action in the nature of replevin brought to recover possession of a diamond ring, or the sum of one thousand one hundred ' dollars, the alleged value thereof, from the defendant as the pledgee of said personal property.

The facts of the case, which are practically undisputed, are briefly these: On March 16, 1909, one J. McKinery, who had been a customer of the plaintiff in previous dealings, came to the plaintiff's store, desiring to purchase a diamond

ring, which he said he wished to give to his wife.  He already owed the plaintiff several hundred dollars, and plaintiff therefore declined to sell him the ring outright and entirely on credit, but finally delivered it to him upon an oral agreement that he was to pay up the old account and begin paying fifty dollars a month on account of the purchase of the ring; and in case of his failure so to do he was to return the ring, and the transaction was not to be regarded as a sale.  McKinery received possession of the ring, but neither paid anything upon his old account nor upon the purchase price of the ring.  Shortly thereafter he pledged the ring to the defendant for a loan of five hundred dollars, and not long after making the pledge, and within a month of the time of his receiving the ring from the plaintiff, he informed the plaintiff of the fact of the pledge, and promised it "to make good and pay for the ring."  The plaintiff relied upon McKinery's assurance that he would make good and pay for it, and hence took no action against him, and made no attempt to demand or recover the ring from the defendant until several months later; when, McKinery having left the state, plaintiff for the first time claimed the ownership and demanded the return of the ring from the defendant.  This action for its recovery was begun in January, 1910.

We think that these undisputed facts bring the case clearly within the terms of section 2991 of the Civil Code, which reads as follows: "One who has allowed another to assume the apparent ownership of property for the purpose of making any transfer of it, cannot set up his own title, to defeat a pledge of the property, made by the other, to a pledgee who has received the property in good faith in the ordinary course of business and for value."  It is conceded by the plaintiff that the transaction was something more than a mere conditional sale of this article of personal property, for the avowed purpose of its purchase was that he should be invested with much more than the apparent ownership of the property.  He was to become the absolute owner thereof to the extent of being able to give it away to his wife; and to this the plaintiff agreed.  We think this brings the case squarely within the terms of the section above quoted, and hence must be held to bar the right of the plaintiff to recover the property in the hands of the pledgee who, it is conceded,

received it in good faith and in the ordinary course of business and for value.

We think also that for another reason the plaintiff is not entitled to recover in this case. Within a few days after it had delivered possession of the ring to McKinery upon the arrangement above stated, it learned from his own lips that he had pledged the ring to the defendant for a loan of several hundred dollars. The plaintiff was thus put upon notice that its purchaser was asserting an ownership and right of possession contrary to the alleged agreement for its conditional sale. It was also advised as to the possession and asserted rights of the pledgee. Under such conditions the plaintiff was not only content to accept the assurance of McKinery that he would make good and pay for the ring, but it was also content to allow the pledge transaction to stand without objection or attack for several months, and until McKinery had apparently been permitted to place himself beyond the reach of either the plaintiff or the pledgee. We are of the opinion that section 3543 of the Civil Code should be given application to such a state of facts: "When one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer."

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.